UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HELEN JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cv-1158-JES-JEH |
| ) | |
| COMMON PLACE, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION

Now before the Court is Defendant's Motion to Dismiss the Second Amended Complaint for Failure to State a Claim. Doc. 25. Plaintiff filed a Response to that Motion. Doc. 28. For the reasons that follow, the Motion is GRANTED in part and DENIED in part.

### BACKGROUND

Plaintiff is a former employee of Common Place, Inc., where her job responsibilities were focused with the Common Place Youth Programs. She is an African-American woman with medically diagnosed depression. In her Second Amended Complaint, she claims that her supervisor at Common Place discriminated against her based on her sex, race, and disability. The two counts of her complaint relate to two discrete employment actions: an alleged failure to promote her to a position for which she was qualified, and her termination from employment. Plaintiff brings the claim for failure to promote under both Title VII of the Civil Rights Act of 1964 and Title I of the Americans with Disabilities Act (ADA), and she brings the claim for wrongful termination under the ADA. Doc. 24, pp. 3, 8–9.

The events Plaintiff describes took place between November 2016 and January 2017. Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) on

1

March 30, 2017, and received a notice of her right to sue on January 17, 2018. She filed the initial complaint in this case on April 17, 2018. Defendant has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Defendant bases this motion on four grounds: failure to exhaust administrative remedies, failure to allege that she was qualified, failure to allege that she had a disability, and failure to allege discriminatory intent for her termination. Doc. 26, pp. 3, 5–6, 9, 11. The Court agrees that Plaintiff has failed to exhaust administrative remedies with regard to her claim of racial discrimination; that component of her case is dismissed. The remainder of her complaint is sufficient to withstand a motion to dismiss under 12(b)(6). This Order follows.

1. **Events Related to Plaintiff's Failure to Promote Claim[1]**

Plaintiff began working for Common Place, Inc. in 1998. Between 1998 and 2016, she was regularly promoted and praised by supervisors. On November 1, 2016, Common Place hired Pam Rumba as its executive director, which placed her in a supervisory position over Plaintiff. Ms. Rumba repeatedly criticized Plaintiff and other staff members based on their ability, education level, and qualifications. Plaintiff felt antagonized by Ms. Rumba due to statements like "I have never heard anything good about the Common Place Youth Programs." Doc. 24, pp. 2–4.

In December of 2016, Ms. Rumba and the President of the Board of Directors, Mr. Bremner, created a job position for an assistant to Ms. Rumba. They did not give the position an official title, but they informed employees that it would be "an assistant position to Ms. Rumba in which Ms. Rumba would create the position fulfiller's duties as Ms. Rumba saw fit." The position paid significantly better than Plaintiff's job did at the time. *Id.* at 4.

---

[1] Because Defendant has moved for dismissal under Rule 12(b)(6), this Court takes the following factual allegations from the complaint as true for the purposes of resolving the Motion.

Despite a general policy at Common Place that multiple candidates would be considered for job openings, Ms. Rumba and Mr. Bremner appointed a non-disabled man to the position without going through a hiring process. Plaintiff thus never had the opportunity to apply or be considered for the position. Plaintiff mentioned that "Ms. Rumba did not want Plaintiff to be working more closely with her than she already was." Plaintiff also indicates that Ms. Rumba said, "I have tons of friends in the district who would come and take your jobs if I called," although Plaintiff does not specify when this statement was made. *Id.* at 4–5. All in all, Plaintiff alleges that Defendant "promoted another staff member because he was of a different race, of the opposite sex, and without a disability." *Id.* at 9.

2. **Events Related to Plaintiff's Wrongful Termination Claim**

At some point after the assistant position was filled, the conflicts between Plaintiff and Ms. Rumba escalated. Ms. Rumba refused to give Plaintiff permission to purchase items for the Youth Programs with funds designated for the Youth Programs, despite Plaintiff's reminders that the issue was time-sensitive. In order to secure purchase permission, Plaintiff contacted a member of the board. When Ms. Rumba learned that Plaintiff had spoken with a board member about her, she called Plaintiff into her office and reprimanded her, yelling, "Who do you think you are going to the board behind my back! If it's a fight you want it's a fight you'll get! And I don't lose!" Doc. 24, p. 5.

Plaintiff became numb, left Ms. Rumba's office, and broke into tears outside her office. Other employees came to comfort her. She took a vacation day, but felt unable to return to work. She was hospitalized for an attempted suicide, which she says was the result of Ms. Rumba's harsh treatment of her. Although Plaintiff had been diagnosed with depression in 1996 and received treatment for it throughout the time period in question, she had never been hospitalized

for an issue involving her depression before. Her doctor recommended that she not return to work, so she took several weeks of her vacation time to "figure things out." Ultimately, she decided to return. *Id.* at 6.

When Plaintiff attempted to return to work after her hospitalization and several weeks of leave, Ms. Rumba demanded that she sign a release of her medical records or face termination. Plaintiff produced a "Return to Work" clearance that Common Place typically requires of its employees coming back after a medical leave of absence, but Ms. Rumba indicated that that was insufficient—Plaintiff could not return until she signed a release of her medical records. Plaintiff refused, indicating that no other employee has ever had to produce medical records in this way. On January 18, 2017, Plaintiff was terminated from her job without explanation. Plaintiff claims that this firing was an act of unlawful discrimination based on a disability (her depression). *Id.* at 6–9.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest that the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding whether the complaint sufficiently states a claim, courts take well-pleaded allegations in the complaint as true and draw all permissible inferences in favor of the plaintiff. *See Bible v.*

*United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015). In addition, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## DISCUSSION

Defendant has moved to dismiss the most recently amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), on four grounds: 1. Plaintiff failed to exhaust administrative remedies because her failure to promote claim and any allegations of race discrimination were never sufficiently raised in an EEOC charge, 2. Plaintiff has not plausibly alleged that she was qualified for the position she claims she was wrongfully denied, 3. Plaintiff has not plausibly alleged that she had a disability within the scope of the ADA, and 4. Plaintiff has not plausibly alleged that her termination was motivated by discriminatory intent. Doc. 26, pp. 3, 5–6, 9, 11. The Court will examine each argument in turn.

1. **Exhaustion of Administrative Remedies**

Plaintiffs bringing Title VII lawsuits generally cannot include claims that were not previously brought in a complaint before the EEOC. *See Cheek v. Western and Southern Life Insurance Co.*, 31 F.3d 497, 500 (7th Cir. 1994) ("[The EEOC charge requirement] is a condition precedent with which Title VII plaintiffs must comply.") (citing *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985)). Title VII claims in a complaint are cognizable where they are "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Cheek*, 31 F.3d at 500 (quoting *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.3d 164, 1167 (7th Cir. 1976)). The two purposes of this rule are to put employers on

notice of the aggrieved conduct and to provide an opportunity for the EEOC and employers to resolve the dispute out of court. *Id.*

Defendant argues that Plaintiff may not bring her failure to promote claim because it was only vaguely referenced in her EEOC charge. Additionally, Defendant argues that Plaintiff may not bring any kind of Title VII race discrimination claim, as her EEOC charge is devoid of reference to race. Doc. 26, pp. 3, 5.

A. *Claim for Failure to Promote (Race, Sex, or Disability Basis)*

Plaintiff asserted in her EEOC charge that Defendant was aware of her disability, that she was subject to harassment, that she complained, and that she was subsequently denied a promotion. She stated her belief that she was discriminated against based on her disability, age, and sex, and she checked boxes indicating a claim for discrimination based on sex, age, disability, and retaliation. Doc. 22-1, p. 12.[2] Defendant argues that her allegation was insufficient without details such as what the promotion was, who made the decision, to whom the position was offered, and when she was denied. Doc. 26, p. 4. In support of this, Defendant cites *McGoffney v. Vigo County Division of Family & Children, Family & Social Services Administration*, 389 F.3d 750, 752 (7th Cir. 2004), where a plaintiff had failed administrative exhaustion because her allegation that "Respondent has refused to hire me on at least ten different occasions" was insufficient to put the EEOC or defendants on notice of the particular job applications to which she referred. However, that case involved a plaintiff *seeking* employment with the defendant, and the case was resolved at the summary judgment phase,

---

[2] The Court granted Plaintiff's Motion (Doc. 22) to file a Second Amended Complaint. Pursuant to Local Rule 7.1(F), she attached the proposed Second Amended Complaint (Doc. 22-1). The proposed amended complaint included the first page of her EEOC charge. Although Plaintiff did not attach the EEOC charge to the Second Amended Complaint she filed with the Court when her Motion was granted (Doc. 24), she did attach it to the document this Court approved for filing, and the Court will constructively treat Doc. 24 as if it has the final page of Doc. 22-1.

6

rather than in a motion to dismiss. In the case at hand, Plaintiff was a long-time employee of Defendant, and she was only denied one promotion, making it relatively simple for Defendant or the EEOC to ascertain the action to which she referred. Doc. 22-1, p. 12.

The Seventh Circuit's opinion in *Rush v. McDonald's Corp.*, 966 F.2d 1104 (7th Cir. 1992), is instructive here. In *Rush*, the plaintiff had brought an EEOC charge that stated:

> I began my employment as a Part-time word processor on November 11, 1985. I became a Full-time word processor on January 1, 1988. On May 6, 1988, I was told by Sharon Funston, Supervisor that I was being terminated. I believe that I have been discriminated against because of my race, Black.

*Rush*, 966 F.2d at 1108, n.9. The *Rush* plaintiff also submitted a letter to the EEOC that stated, among other things, that "I believe that McDonald's has continuously allowed white employees to advance in the company. Blacks have not been allowed to advance as quick." *Id.* at 1110–11, n.23. The Seventh Circuit applied a standard of "utmost liberality" to the charges raised to the EEOC, and held that claims for racial discharge and denial of promotion were both preserved by that charge, although claims for racial harassment were not. *Id.* at 1111.

Plaintiff's EEOC charge indicated that she was denied a promotion by Common Place on the basis of her sex, age, and/or disability. Doc. 22-1, p. 12. "An EEOC charge … is valid if it is 'sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'" *Flannery v. Recording Industry Association of America*, 354 F.3d 632, 639 (7th Cir. 2004). Here, the Plaintiff's failure-to-promote claim is sufficiently related to the EEOC charge to be cognizable; even if it did not contain the full details that the complaint provides, the claim "grow[s] out of [the] allegations" and put Defendant and the EEOC on notice as to the complained-of conduct. *Cheek*, 31 F.3d at 500. Defendant's motion to dismiss Count I of the complaint, arguing lack of administrative exhaustion regarding the failure-to-promote claim, is DENIED.

### B. Racial Discrimination Basis for Failure to Promote Claim

Defendant correctly notes that Plaintiff made no reference to racial discrimination in her EEOC complaint and did not check the box marked "Race" when prompted for the basis of her EEOC discrimination charge. Doc. 26, p. 5; Doc. 22-1, p. 12. A Title VII plaintiff may not bring claims that were not raised with the EEOC. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002). Even though Plaintiff alleged certain types of discrimination in her EEOC complaint, she may not "then seek judicial relief for different instances of discrimination." *Rush*, 966 F.2d at 1110. As such, Defendant's Motion to Dismiss the race discrimination component of Count I is GRANTED.

Defendant requests that the claim be dismissed with prejudice, citing a Central District case "granting Rule 12(b)(6) dismissal *with prejudice* as to the plaintiff's Title VII race-based discriminatory discharge claim due to his failure to exhaust administrative remedies." Doc. 26, p. 6 (emphasis in original) (citing *Beckom v. Illinois Department of Transportation*, 2015 WL 4978457 (C.D. Ill. Aug. 20, 2015)). However, in *Beckom*, the only discussion of failure to exhaust involved the plaintiff's concession that the race discrimination component of the claim should be dismissed. *Id.* at *3. In contrast, the Seventh Circuit has "repeatedly [explained] that 'the proper remedy for a failure to exhaust administrative remedies it to dismiss the suit without prejudice.'" *Smuk v. Specialty Foods Group, Inc.*, 2015 WL 135098 n.1 (N.D. Ill. Jan. 9, 2015) (quoting *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989)); *see also Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust … . In contrast, dismissal of a suit for failure to state a claim is always

with prejudice and so always precludes reinstatement."). Accordingly, this Court's dismissal of the race discrimination claim for failure to exhaust administrative remedies is without prejudice.

### 2. Allegation of Qualification for Promotion

Defendant argues that Plaintiff's failure-to-promote claim should be dismissed because she has not plausibly alleged that she was qualified for the position she was denied. That is, Defendant claims that because Plaintiff did not know the particular duties of the position, her allegation that she was qualified to fill that position is not plausible, and thus that the entire claim fails. Doc. 26, p. 8.

When employers fail to provide robust job descriptions, they are not thus insulated from claims of discriminatory hiring or promotion practices. *See EEOC v. Sears, Roebuck, & Co.*, 839 F.2d 302, 331 (7th Cir. 1988) (collecting cases where lack of objective or published standards regarding employment decisions contributed to findings of discrimination). Holding that Plaintiff's claim should be dismissed because her employer did not describe the position in detail would incentivize employers to provide only vague job descriptions in order to avoid discrimination lawsuits. This Court will not do so.

Plaintiff does allege that she knew the nature of the position (assistant to Ms. Rumba), and drawing all inferences in her favor, it is plausible that in her nearly twenty years working at Common Place, she had deduced what would typically be expected of an assistant to an executive director. It is further plausible that, as she states, she was more than qualified for such a position, having worked there for 18 years. "Plausibility" does not require specific facts, nor balancing the likelihood of Plaintiff's and Defendant's arguments. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). She has alleged that she was qualified, that she was discriminated against, and that Common Place elected to promote another staff member

9

"*because* he was of a different race, of the opposite sex, and without a disability." Doc. 24, p. 9 (emphasis added). The allegation that he was promoted over her because of his demographics, rather than because of his qualifications, is sufficient at this stage. *See, e.g., Rush*, 966 F.2d at 1111. Defendant's motion to dismiss Count I on the ground that Plaintiff insufficiently alleged her qualification status is DENIED.

### 3. Allegation of Disability

Defendant has also moved to dismiss Count I on the ground that Plaintiff has not sufficiently alleged that she had a "disability" within the definition of the ADA. Doc. 26, p. 9. Plaintiff must indeed allege that she had an ADA-covered disability in order to survive a motion to dismiss on an ADA complaint, and she has sufficiently done so here. *See Gogos v. AMS Mechanical Systems, Inc.*, 737 F.3d 1170, 1172–73 (7th Cir. 2013) (vacating a dismissal for failure to state a claim where an ADA plaintiff alleged his blood pressure problems were a covered disability, and "[c]onstruing the complaint generously"). The touchstone of whether a physical or mental impairment constitutes a disability under the ADA is whether it "substantially limits one or more life activities." 42 U.S.C. § 12101(1). Such impairments may be episodic or in remission, so long as they would substantially limit a major life activity when active. *See Gogos*, 737 F.3d at 1173.

Plaintiff alleged that she was diagnosed with depression in 1996. She stated that it had never affected her work until 2016, when her supervisor's actions initiated a reaction so severe that Plaintiff attempted suicide, was hospitalized, and took several weeks of leave pursuant to medical advice. Doc. 24, pp. 2–3, 6. Where depression prevents a person from working, it substantially limits a life activity under the ADA. *See Cassimy v. Board of Education of Rockford Public Schools, Dist. No. 205*, 461 F.3d 932, 936 (7th Cir. 2006). Although the strength

of Plaintiff's claim that she was not promoted due to her disability may ultimately be tenuous given that she claims it never affected her work until after she was denied the promotion, the Court takes all well-pleaded facts as true and construes her complaint generously at this stage. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 ("Factual allegations must be enough to raise a right to relief above the speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact).") (internal citations omitted).

Although isolated bouts of depression would not constitute a disability under the ADA (*see Cassimy*, 461 F.3d at 937), and an inability to work under a specific supervisor who triggers a plaintiff's depression may not constitute a substantial limitation to a major life activity (*see Schneiker v. Fortis Insurance Co.*, 200 F.3d 1055, 1062 (7th Cir. 2000)), the complaint at hand permits an inference that Plaintiff's situation is sufficiently severe to place her depression within the ambit of the ADA. *See Palmer v. Circuit Court of Cook County, Ill.*, 117 F.3d 351, 352 (7th Cir. 1997) (distinguishing between personality conflicts that trigger non-disabling anxiety or depression versus personality conflicts that trigger permanent disabling mental illness, and holding that the record allowed for an inference that the plaintiff in fact had a disabling mental illness). Plaintiff's allegation that her depression prevented her from working for several weeks, together with her allegation that she has had to alter her treatment and medication due to its ongoing severity, are sufficient to survive a motion to dismiss. Doc. 24, pp. 6, 8. Thus, Defendant's Motion to Dismiss her disability discrimination claim under Count I is DENIED.

### 4. Allegation of Discriminatory Motive for Termination

Defendant has moved to dismiss Count II because Plaintiff has not plausibly alleged that her termination was motivated by intentional discrimination. According to Defendant, the only plausible inference permitted by Plaintiff's complaint was not that she was terminated due to

animus regarding her disability, but rather that she was terminated out of a concern for workplace safety, given her attempted suicide, extended medical leave, and job duties in working with the Youth Program at Common Place. Doc. 26, pp. 11–12. Plaintiff, on the other hand, contends that the requirement that she release substantial private medical information, and her termination when she failed to do so, were both discriminatory actions on the basis of her disability. Doc. 24, pp. 7, 9.

Taking Plaintiff's pleadings as true, and construing them liberally, she has alleged sufficient facts to provide for a plausible inference that her termination was discriminatory. *See Erickson*, 551 U.S. at 94; *Brown v. Budz*, 398 F.3d 904, 914 (7th Cir. 2005) (permitting conclusory pleadings about matters "peculiarly within the knowledge of the defendants") (quoting *Tankersley v. Albright*, 514 F.2d 964 n.16 (7th Cir. 1975)); *see also Wileman v. School District of Janesville*, 2018 WL 1401261 at *6 (W.D. Wis. 2018) (applying *Budz* to a question of whether an employee was terminated because of her disability or for another reason). Plaintiff could not know the motive behind her termination, as that was a matter "peculiarly within the knowledge of the defendants," but she alleged that she was not given a reason, the termination followed her attempt to return to work after leave related to her depression, and she believed it to be due to her disability. Doc. 24, pp. 7–9. This is sufficient to survive a motion to dismiss—Defendant's Motion to Dismiss Count II is therefore DENIED.

As stated above, Defendant's Motion to Dismiss the Second Amended Complaint (Doc. 25) is GRANTED as to the race discrimination portion of Count I, Plaintiff's failure-to-promote claim. That component of the claim is dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies. All other grounds for Defendant's Motion to Dismiss are DENIED.

## CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss the Second Amended Complaint (Doc. 25) is GRANTED in part and DENIED in part.

Signed on this 19th day of October, 2018.

/s James E. Shadid
James E. Shadid
Chief United States District Judge